IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SUNFLOWER ELECTRIC POWER CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 08-2575-EFM-DWB |
| KATHLEEN SEBELIUS, in her official capacity as Governor of the State of Kansas, MARK PARKINSON, in his official capacity as Lt. Governor of the State of Kansas, and RODERICK L. BREMBY, in his official capacity as Secretary of the Kansas Department of Health and Environment, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Sunflower's Renewed Motion For

Limited, Expedited Discovery.  (Doc. 51.)  Defendants have responded, objecting

to the motion (Doc. 56), and Sunflower has replied.  (Doc. 57.)   The Court, after

consideration of all the briefing, finds that the motion should be denied.

## FACTUAL BACKGROUND

**1.      Nature of the case and history of proceedings.**

Sunflower filed this federal action seeking an order of the court vacating a denial order entered on October 18, 2007 by the Secretary of the Kansas Department of Health and Environment (KDHE) which denied Sunflower's application for construction of two new power plants.  (Doc. 1 at 23.)  Sunflower claims that Defendants violated Sunflower's right to equal protection under the Fourteenth Amendment to the U.S. Constitution, and violated Sunflower's right to conduct interstate commerce under the Commerce Clause of the U.S. Constitution. (*Id*.)  Sunflower also seeks a preliminary and permanent injunction enjoining Defendants from taking into account in any future proceedings related to Sunflower's application any potential $CO_2$ emissions from Sunflower's proposed new power plants, and from considering whether any power generated from those proposed plants would be sold to customers outside the State of Kansas.  (*Id*.)

Rather than filing answers, Defendants filed a motion to dismiss and supporting memorandum (Doc. 26, 27) raising several jurisdictional grounds. Responses and replies were filed (Doc's 33, 45).  The motion was argued before Judge Melgren on February 5, 2009, and is currently under advisement.

2

When this action was first filed, Sunflower filed a motion to expedite discovery.  (Doc. 13.)  In that motion, Sunflower sought leave to serve early interrogatories and document requests on Defendants seeking information and documents about any communications each Defendant had previously had with certain designated persons concerning Sunflower's application and an opinion issued by the Attorney General of Kansas.  *See e.g.*, Doc. 14, Ex's A & D (interrogatories and document requests directed to Governor Sebelius).  Defendants opposed the request for expedited discovery  (Doc. 30), and Sunflower filed a reply.  (Doc. 37.)  In its reply, Sunflower asked the court to "defer its consideration of the Discovery Motion . . . ."  (Doc. 37 at 6.)  Sunflower stated that "[b]ecause Defendants have not contested the merits of Sunflower's claims . . . the discovery sought by the Discovery Motion should no longer be necessary."  (Doc. 37 at 1-2.)  Sunflower indicated, however, that it was possible that there may be developments that occur prior to a ruling on the dismissal motion that might warrant expedited discovery.  (*Id.* at 2.)  After consideration of Sunflower's reply, the court found that its motion for expedited discovery was moot, but made this finding without prejudice to any future request for expedited discovery.  (Doc. 42.)

**2.    Arguments for and against the renewed request for expedited discovery.**

In the renewed motion now before the court, Sunflower raises two factors which they argue support an expedited deposition of Governor Sebelius: (1) the KDHE's issuance on February 9, 2009, of a document entitled "Interim Guidance on Treatment of Carbon Dioxide Emissions in the KDHE Permitting Process," and (2) the fact that Governor Sebelius has now been nominated by the President of the United States to serve as Secretary of Health and Human Services.  (Doc. 52 at 1-2.)

Defendants have opposed Sunflower's request for an expedited deposition of Governor Sebelius (Doc. 56), and have attached a sworn statement from the Governor stating, *inter alia*, that her schedule is unpredictable while the Kansas Legislature is in session (which will continue through May, 2009), that she has no control over when Congress may set hearings on her nomination for Secretary of HHS, and that she will have much more control over her schedule after the Kansas Legislature adjourns and after she has completed the nomination process for Secretary of HHS.  (Doc. 56, Declaration of Governor Kathleen Sebelius at ¶¶ 2, 7-9.)  Defendants argue that neither the KDHE issuance of the "Interim Guidelines" nor the Governor's nomination to serve as Secretary of HHS constitute good cause

4

for the requested expedited discovery. (Doc. 56 at 4-7).[1]  Defendants also argue

that Sunflower should not be allowed to depose Governor Sebelius absent an

attempt by Sunflower to obtain the information it seeks from other sources. (Doc.

56 at 2-4.)

## DISCUSSION

The Federal Rules of Civil Procedure outline how discovery in federal cases

is to proceed.  They first require that in most cases the parties participate in a

planning conference where they are to address the formulation of a discovery plan

for the case.  Fed. R. Civ. P. 26(f).  The rules also provide that

> A party may not seek discovery from any source before
> the parties have conferred as required by Rule 26(f),
> except in a proceeding exempted from initial disclosures
> under Rule 26(a)(1)(B), or when authorized by these
> rules, by stipulation, or be court order.

Fed. R. Civ. P. 26(d)(1).  This case is not one that is exempted from the

requirement of a planning conference.  See Fed. R. Civ. P. 26(a)(1)(B).  Because

there was an early motion to dismiss based on jurisdictional grounds, there has

been no order requiring the parties to participate in a Rule 26(f) conference, and no

_____

[1]  Defendants also object Sunflower's notice to take the deposition of the Governor
Sebelius at the offices of Sunflower's counsel in Kansas City, Missouri. (Doc. 56 at 8-9.)
Because the court is denying the motion for an expedited deposition of Governor
Sebelius, it will leave the issue of where any future deposition should be taken for a later
day.

such conference has yet occurred.  Therefore, any early or expedited discovery can

only be allowed by stipulation of the parties or by order of the court.

There has been a split in the courts concerning the standard to be applied in

deciding whether to allow expedited discovery:

> Although the Federal Rules of Civil Procedure do not
> provide specific standards for evaluating expedited
> discovery motions, the Rules do provide the court with
> the authority to direct expedited discovery in limited
> circumstances. *Dimension Data N. Am., Inc. v. Netstar-1,*
> *Inc.,* 226 F.R.D. 528, 530 (E.D.N.C.2005). To determine
> whether expedited discovery is appropriate, courts have
> developed two commonly recognized approaches: (1) the
> *Notaro* test and (2) the reasonableness, or good cause,
> test. *In re Fannie Mae Derivative Litig.,* 227 F.R.D. 142,
> 142 (D.D.C.2005). In *Notaro v. Koch,* 95 F.R.D. 403
> (S.D.N.Y.1982), the Southern District of New York
> articulated the following stringent standard for expedited
> discovery: "courts should require the plaintiff to
> demonstrate (1) irreparable injury, (2) some probability
> of success on the merits, (3) some connection between
> the expedited discovery and the avoidance of the
> irreparable injury, and (4) some evidence that the injury
> that will result without expedited discovery looms greater
> than the injury that the defendant will suffer if the
> expedited relief is granted." *Notaro,* 95 F.R.D. at 405.
> More recent cases have rejected the *Notaro* test in favor
> of a reasonableness test, particularly in cases were the
> expedited discovery is related to a motion for a
> preliminary injunction. *See, e.g., Dimension Data N. Am.,*
> 226 F.R.D. at 531; *Ayyash v. Bank Al-Madina,* 233
> F.R.D. 325 (S.D.N.Y.2005); *Qwest Communic'ns Int'l,*
> *Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419-
> 20 (D.Colo.2003). Under the reasonableness test, courts
> consider the reasonableness of the request in light of the

entire record to date and all of the surrounding circumstances. *Dimension Data N. Am.,* 226 F.R.D. at 531. Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *In re Fannie Mae Derivative Litig.,* 227 F.R.D. at 143 (citing *Entm't Tech. Corp. v. Walt Disney Imagineering,* No. 03-3546, 2003 WL 22519440, at *3-5 (E.D.Pa. Oct.2, 2003)).

Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 4, 6 (D.D.C. 2006). *See also*, Dimension Data North America, Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005) (a standard based upon reasonableness or good cause, taking into account the totality of the circumstances, is more in keeping with discretion bestowed upon the court in the Federal Rules of Civil Procedure.); Renaud v. Gillick 2007 WL 98465, * 2 (W.D.Wash. 2007) (while there is a dearth of binding authority pertaining to expedited discovery, many district courts have held that district courts have discretion to allow expedited discovery upon a showing of good cause by the moving party).

The court agrees that the reasonableness or good cause test should be applied in considering whether to allow expedited discovery, and the court will

address each of the factors identified by courts who have applied the

reasonableness test.  *See* <u>In re Fannie Mae Derivative Litig.</u>, 227 F.R.D. at 143

(*citing* <u>Entm't Tech. Corp. v. Walt Disney Imagineering</u>, No. 03-3546, 2003 WL

22519440, at *3-5 (E.D.Pa. Oct.2, 2003)).

    1.    <u>Whether a preliminary injunction is pending.</u>

There is a motion for a preliminary injunction pending in this case, but

Sunflower has previously indicated that expedited discovery was not necessary to

resolve that motion.  (Doc. 37 at 1-2.)  The court does not find that the KDHE's

publication on February 9, 2009, of the document entitled "Interim Guidance on

Treatment of Carbon Dioxide Emissions in the KDHE Permitting Process" changes

the factual situation concerning the pending motion for preliminary injunction, and

therefore the issuance of that document does not constitute good cause to expedite

the deposition of Governor Sebelius.

As a starting point, this interim document was issued by the KDHE, not the

Governor's office.  While Sunflower is contending that the Governor has

participated in or directed the KDHE as to how to proceed in matters concerning

power plant construction permits, *see* Complaint, Doc. 1 at ¶ 58, the fact remains

that the KDHE is the entity that published this document, and questions concerning

its formulation and publication are more appropriately directed, in the first

8

instance, to the Secretary of the KDHE.  Also, while Sunflower argues that this

interim document "will require permit seekers <u>like</u> Sunflower to take 'mitigation'

efforts that 'reduce or offset' potential $CO_2$ emissions . . . ," Doc. 52 at 2 (emphasis

added), Sunflower itself makes no claim that it has a currently pending application

to which this interim guideline is applicable.  If Sunflower were to prevail in the

pending state appeal of the denial of its application, or if Sunflower were to file a

new application with the KDHE, then the interim document might well apply to

them.  At this point, however, Sunflower is not directly and immediately impacted

by the interim document in such a manner that would require some expedited

deposition or discovery.

      2.    <u>The breadth of the discovery requests.</u>

In its renewed motion, Sunflower has not indicated that it will attempt to

limit the scope of the discovery it proposes to conduct through the expedited

deposition of Governor Sebelius.  In its earlier motion for expedited discovery,

Sunflower stated that its proposed discovery was "narrowly tailored to the specific

issues raised by its PI [preliminary injunction] motion,"  Doc. 14 at 4-5, although

the court does not necessarily agree with Sunflower's characterization.  The title of

the present renewed motion refers to "limited, expedited discovery", but there is no

claim that the proposed deposition of the Governor will be limited in scope or

duration in any manner.[2]  The court can only conclude that Sunflower is, in reality, attempting to pursue very broad discovery from the Governor concerning all aspects of the present case.

3.      The purpose for requesting the expedited discovery.

There is some question in the court's mind as to the real purpose for seeking the expedited discovery at this time.  While Sunflower urges that it will be cheaper to take the deposition now (presumably in either Kansas or Missouri) rather than later when they might have to go to the District of Columbia, this argument does not fully explain why Sunflower believes it needs to take the deposition now.  And, while Sunflower also urges that it needs this discovery to evaluate a possible amendment to its complaint or motion for preliminary injunction, it does not expound on why this is necessary at this time.

Also, while Sunflower urges that expedited discovery will protect it from "significant prejudice, " it does not provide a convincing argument to support that conclusion. When the Governor is confirmed as Secretary of HHS, Sunflower will

_____

[2] Presumably Sunflower views its motion as seeking "limited" expedited discovery because it seeks only the Governor's deposition at this time, whereas Sunflower would really prefer to take all of the depositions on an expedited basis.  *See* Doc. 52 at 7.  In light of the fact that there are only three defendants named in the case and Sunflower is seeking to take the deposition of the Governor who it argues is the "ultimate decision maker," Doc. 57 at 3, the court cannot agree that the requested expedited discovery is "limited."

still have a Governor as a party in this case since they have already sued the Lieutenant Governor who will succeed Governor Sebelius when she steps down. Moreover,  Ms. Sebelius remains subject to a subpoena to appear as a witness in this case even after she steps down as Governor and even though she may move to Washington, D.C. to assume her new federal duties.  Under the federal rules, unlike the rules of many state courts, the issuance of a subpoena is not a difficult or laborious proposition, and a subpoena can be issued by counsel without the necessity of involvement of the Clerk of the court, either in the District of Kansas or in the District of Columbia.  *See* Fed. R. Civ. P. 45(a)(2).  Finally, without deciding where any future deposition of Mr.Sebelius might be taken, the court does not believe that Sunflower would be substantially prejudiced even if it were required to take the deposition in Washington, D.C. rather than in Topeka, Kansas or in Kansas City, Missouri.  As such, the court finds that the nomination of Governor Sebelius to become Secretary of HHS does not constitute good cause to justify an expedited deposition of her.

    4.    <u>The burden on the defendants to comply with the requests.</u>

Defendants have addressed the burden that the requested expedited discovery will place on Governor Sebelius.  Until she is confirmed, Governor Sebelius continues to act as the Governor of the State of Kansas, and as such, is responsible, along with the Kansas legislature, for conducting important state business, including the formulation and enactment of a current budget.  At this time of difficult national and state economic problems, and while the legislature is in session to address such problems, the Governor should not be additionally burdened with having to prepare and sit for an expedited deposition.  Her sworn declaration outlines why an expedited deposition of her in the time frame proposed by Sunflower would be an undue burden on her and why, after the legislature has adjourned and after she has been confirmed as Secretary of HHS, she will have more control over her schedule to allow for a deposition.  The court finds that the requested expedited deposition would be a significant burden on Defendants.

    5.    <u>How far in advance of the typical discovery process the request was made.</u>

As previously noted, no planning meeting or scheduling conference has yet been set in this case due to (1) Defendants' pending motion to dismiss and (2) Sunflower's pending motion for preliminary injunction.  If the motion to dismiss is denied, the Defendants will have at least ten days to file their answers to

12

Sunflower's complaint.  Fed. R. Civ. P. 12(a)(4)(A).  After the answers are filed, the court will set a deadline for the parties to convene a planning conference pursuant to Fed. R. Civ. P. 26(f) and will thereafter conduct a Rule 16 scheduling conference.  Therefore, assuming a decision on the motion to dismiss is forthcoming, the renewed motion for expedited discovery would be at least 30-45 days prior to institution of the normal discovery process.

However, another factor should also be considered in relation to the timing of the requested expedited discovery.  Defendants argue that the deposition of the Governor should not be allowed absent a prior attempt by Sunflower to obtain the information it seeks from other sources.  (Doc. 56 at 2-4.)  In its response, Sunflower argues that they are entitled to take the Governor's deposition in this case because that deposition is likely to lead to the discovery of relevant evidence. (Doc. 57 at 2.)  Sunflower notes that the Governor issued press releases about the power plants and allegedly played a role in the decisions related to the Sunflower application because she is the ultimate decision maker for the State, and they rely on the case of Bagley v. Blagojevich, 486 F.Supp. 2d 786 (N.D. Ill. 2007) to show that they are entitled to depose the Governor.  (Doc. 57 at 3.)

The court does not construe Defendants' argument as seeking to prevent the taking of the Governor's deposition at all.  *Cf.*, Shirley v. Chestnut, 603 F.2d 805,

807 (10th Cir. 1979. (holding that a protective order prohibiting the deposition of Governor Boren was within the discretion of the district court and noting that while the Governor's deposition was not taken, he did answer interrogatories propounded by the appellants).  Instead, Defendants argue that the sequence of discovery should be directed so that the Governor's deposition is not taken until Sunflower has taken the deposition of other persons with direct knowledge of the facts of this case, such as the Secretary of the KDHE.

The court clearly has the broad discretion to direct the timing and sequence of discovery for the convenience of the parties and witnesses and in the interests of justice.  *See* Fed. R. Civ. P. 26(d)(2).  As the court has previously noted, *supra* at 8-9, since the denial of the permit in question was issued by the KDHE, it may be more logical and efficient to sequence the discovery so that depositions in the case begin with the relevant KDHE officials.  While the court is not presently deciding whether or how it should control the sequence of discovery in this case, the possibility that such an order might be appropriate in this case weighs against Sunflower's request for an immediate, expedited deposition of the Governor.[3]

---

[3] Issues concerning the timing and sequence of discovery are topics that should be addressed in the first instance by the parties in their planning meeting, and included in the parties' proposed discovery plan.  *See* Fed. R. Civ. P. 26(f)(3).  Then these issues can be argued and resolved in the scheduling conference and in the court's scheduling order.  *See* Fed. R. Civ. P. 16(b)(3).  Where specific discovery is sought on an expedited basis, the court is deprived of the full benefit inherent in the discovery procedures set out by the

## CONCLUSION

For the reasons set out above, the court concludes that Sunflower has not established good cause for the immediate, expedited deposition of Governor Sebelius.

**IT IS THEREFORE ORDERED** that Sunflower's Renewed Motion For Limited, Expedited Discovery (Doc. 51) is DENIED.

Dated this 20th day of March, 2009.

 s/ Donald W. Bostwick
U.S. MAGISTRATE JUDGE

---

Federal Rules for addressing such issues.